IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17CV173-RJC-DSC

| | |
|---|---|
| MELANIE ANNE RICHARDSON, </br> Plaintiff, </br> </br> vs. </br> </br> NANCY A. BERRYHILL,[1] </br> Acting Commissioner of Social </br> Security Administration, </br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 26, 2017. The Administrative Law Judge

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

("ALJ") found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("V.E.") testimony. (Tr. 12-24). Plaintiff assigns error to the ALJ's formulation of her mental Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 5-11 (document #11). She also contends that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT"). "Plaintiff's Memorandum …" at 11-21 (document #11).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of her RFC and specifically her ability to stay on task and interact with coworkers and supervisors. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2.

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The ALJ determined that Plaintiff's mental RFC encompassed the ability to "understand, remember and carry out routine, repetitive instructions; can tolerate occasional interaction with the public; and requires low stress jobs defined as no production rate pace and little change in the job setting." (Tr. 18.) Plaintiff contends that the ALJ failed to explain his conclusion that she could stay on task for a full work day. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a

4

remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)).

The ALJ explained the evidence supporting his conclusion. At step three of the sequential evaluation, the ALJ noted that Plaintiff could pay attention for thirty minutes and follow written instructions. (Tr. 17.) He also noted that during treatment, Plaintiff had "normal attention, concentration, persistence, and pace." (Tr. 17 (citing Tr. 372, 463, 526).) The ALJ gave "great weight" to opinion evidence from State agency consultants Doctors Brett Fox and Nancy Herrera, both of whom opined that Plaintiff had only moderate limitations in maintaining concentration, persistence, and pace. (Tr. 17 (citing Tr. 66, 80, 97-98, 112-113).)

The ALJ emphasized that despite moderate limitations in concentration, persistence, and pace, Plaintiff had "normal speech, attention, concentration, and memory at psychiatric appointments." (Tr. 21-22.) Treatment notes and findings from Daymark Recovery Services, Inc., regarding Ms. Richardson's attention and concentration were consistently "normal" or "adequate," with only one reference to "fair." (See, e.g., Tr. 368, 372, 375, 377, 380, 384, 388, 391, 394, 397, 400, 404, 463, 468, 472, 526, 536, 539, 545, 548, 551, 553, 556, 559.) Despite moderate problems in maintaining attention and concentration for extended periods and some interruptions in work activity from her anxiety, Dr. Fox found that Plaintiff's abilities remained "sufficient for the completion of simple tasks" and "[n]o major problems are really noted with persistence and pace . . . ." (Tr. 70.) Dr. Herrera found that despite her moderate difficulties with concentration, persistence, and pace, Plaintiff could still perform work so long as it was "low stress low production." (Tr. 101.)

Plaintiff argues that the ALJ's RFC finding is "incomplete" because it did not include a

5

restriction related to contact with supervisors and coworkers.  The ALJ's decision not to include additional social limitations is supported by substantial evidence from Dr. Fox.  Dr. Fox found that Plaintiff was able to interact appropriately with others "most of the time," and had no significant limitations in her ability to respond appropriately to criticism from supervisors in the workplace or in her ability to "maintain socially appropriate behavior." (Tr. 70-71.)   This opinion provides substantial evidence supporting the ALJ's conclusion that no limitations were needed for Plaintiff's interaction with supervisors and coworkers.

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT.   In response to a hypothetical that included Plaintiff's limitations, the V.E. testified that such person could not perform Plaintiff's past work, but could perform jobs as housekeeper (260,000 jobs available nationally), marker (318,000 jobs available nationally) and mail clerk (25,000 jobs available nationally).

The ALJ asked the V.E. whether her testimony was consistent with the DOT and the V.E. replied that it was. (Tr. 57). The ALJ made no further inquiries of the V.E. concerning apparent conflicts in her testimony. The ALJ found that the V.E.'s testimony was consistent with the information contained in the DOT.  (Tr. 24).)

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT.  Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]."

6

Case 5:17-cv-00173-RJC-DSC   Document 16   Filed 06/14/18   Page 6 of 9

Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that two of the jobs identified by the V.E. require DOT reasoning levels of either two or three, which conflicts with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. Courtney v. Colvin, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple work"). Accordingly, there is no conflict with the marker job at reasoning level two.[4] The Fourth Circuit's unpublished decision in Henderson v. Colvin, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the RFC limitation here. Id.

Plaintiff next argues that the RFC finding and hypothetical question include a limitation to only occasional interaction with the public which conflicts with the DOT. Plaintiff attempts to create a conflict by referencing the O*NET[5]. The ALJ was not required to identify or discuss conflicts between the O*NET and V.E. testimony. See SSR 00-4p, 2000 WL 1898704, at *2-3. This Court recently rejected claimants' reliance on O*NET as the basis for a conflict between V.E.

---

[4] The housekeeper job has a reasoning level one.

[5] The Occupational Information Network (O*NET) is a database of job descriptions developed by the U.S. Department of Labor.

7

testimony and the DOT.  Campusano v. Berryhill, No. 3:17-cv-499-MOC, 2018 WL 1566332, at *3 (W.D.N.C. March 30, 2018); Bethea v. Berryhill, No. 5:17-cv-145-MOC, 2018 WL 1567356, at *4 (W.D.N.C. March 30, 2018).

Plaintiff contends that the RFC limitation to no "production rate pace" conflicts with the DOT definitions of the housekeeper and marker jobs.  Plaintiff appears to equate a job that must be performed in a timely manner with a production rate job.  There is no support for this position in the DOT or the case law.

In short, there were no conflicts with the housekeeper or marker jobs.  As this Court has noted, "[t[he Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden." Cogar v. Colvin, No. 3:13-CV-380-FDW, 2014 WL 1713795, at *7 (W.D.N.C. Apr. 30, 2014) (citing Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979)); Hodges v. Apfel, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan, 28, 2000) (unpublished); Hyatt v. Apfel, No. 97-2225, 1998 WL 480722, at *3 (4th Cir. Aug. 6, 1998) (unpublished).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence."  Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).  This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and that the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 14, 2018

David S. Cayer
United States Magistrate Judge