# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:17-cv-00173-RJC-DSC

| | |
|---|---|
| MELANIE ANNE RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

THIS MATTER comes before the Court on the parties' cross Motions for

Summary Judgment, (Doc. Nos. 10, 14); the Magistrate Judge's Memorandum and

Recommendation ("M&R"), recommending that this Court uphold the decision of the

Commissioner, (Doc. No. 16); Plaintiff's Objections to the M&R, (Doc. No. 17);

Defendant's Response to Plaintiff's Objections, (Doc. No. 18); and the parties' briefs

and exhibits in support.  The motions are ripe for adjudication.

## I.    BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual

and procedural background of this case. Therefore, the Court adopts the facts as set

forth in the M&R.

## II.   STANDARD OF REVIEW

### A.    Review of the Magistrate Judge's M&R

A district court may assign dispositive pretrial matters to a magistrate judge

for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B.      Review of a Final ALJ Decision under the Social Security Act

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King

v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff makes two objections to the M&R: (1) the M&R improperly relied on defense counsel's post hoc rationalizations for the ALJ's failure to explain why he did not address Plaintiff's ability to stay on task or to complete a normal workday

and workweek in the midst of Plaintiff's moderate limitations in concentration, persistence, or pace ("CPP"), and (2) the ALJ accepted testimony from the VE which appears to conflict with the DOT yet failed to obtain an explanation from the VE. These objections were general regurgitations of arguments already advanced in Plaintiff's initial briefing accompanying her summary judgment motion, and the M&R already considered and analyzed those arguments. After conducting a de novo review of the M&R, Plaintiff's Objections thereto, and the record, the Court agrees with the M&R's analysis and incorporates the M&R's discussion of those arguments herein. Thus, the Court overrules Plaintiff's objections but will briefly address two matters.

## A.    Plaintiff's first objection

Regarding Plaintiff's first objection, although Plaintiff also made the same general argument in her initial briefing, she lodged a more specific allegation of error in her objection: that the Magistrate Judge relied upon post hoc arguments that the ALJ fully addressed the ability to remain on task. This assertion is meritless. Rather, the Magistrate Judge explained how substantial evidence in the record supported the ALJ's RFC determination, discussing how the ALJ cited to both medical and opinion evidence—including some of Plaintiff's own allegations— that Plaintiff's moderate difficulties in CPP would not prevent her from performing work consistent with the RFC. (See Doc. No. 16 at 4–6). The ALJ assigned Plaintiff the following RFC:

> [T]he claimant has the [RFC] to perform light work . . . . Additionally,
> the claimant can understand, remember, and carry out routine,

repetitive instructions; can tolerate occasional interaction with the public; and requires low stress jobs defined as no production rate pace and little change in the job setting.

The Court notes that the Fourth Circuit recently admonished an ALJ for limiting a claimant to performing work that does not require "a production rate or demand pace" without further explanation:

> Thomas argues that her RFC, as stated by the ALJ, does not account for her moderate limitations in concentration, persistence, and pace—even though the RFC limits her to jobs that do not require a "production rate" or "demand pace." We decline to resolve that question. As discussed above, the ALJ's evaluation of Thomas's mental impairments for purposes of the RFC contains too little explanation for us to meaningfully review it. Without further explanation, we simply cannot tell whether the RFC finding—particularly the portion restricting Thomas to jobs that do not require a "production rate" or "demand pace"—properly accounts for Thomas's moderate limitations in concentration, persistence, and pace. On remand, the ALJ will need to establish how long, and under what conditions, Thomas is able "to focus [her] attention on work activities and stay on task at a sustained rate." Only then will we or any court be able to meaningfully review the ALJ's RFC finding.

Thomas v. Berryhill, 916 F.3d 307, 312 n.5 (4th Cir. 2019) (internal citations omitted), as amended (Feb. 22, 2019). Unlike the ALJ's cursory analysis of the plaintiff's mental limitations in Thomas, the ALJ here provided ample discussion of how Plaintiff's mental impairments impact her ability to perform work-related tasks. Therefore, the Court finds that, in light of the ALJ's full decision and analysis, the ALJ's RFC limitation to a nonproduction pace passes Thomas muster because the ALJ contextualized and explained how he reached his conclusion regarding Plaintiff's RFC.

After having conducted a de novo review, the Court agrees that the ALJ

"buil[t] an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). Accordingly, because the ALJ's decision is not sorely lacking in a manner that frustrates the Court's ability to conduct a meaningful review, the Court finds remand inappropriate. Hubbard v. Berryhill, No. 3:17-CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (concluding that remand for lack of discussion is appropriate only if the ALJ's opinion is "'sorely lacking' in a manner that 'frustrates meaningful review.'" (quoting Ponder v. Berryhill, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017))).

### B.    Plaintiff's second objection

Regarding Plaintiff's second objection, the Court agrees with the M&R's discussion concluding that there were no apparent conflicts between (1) limiting Plaintiff to nonproduction jobs and the VE's testimony that she could perform the jobs housekeeper/cleaner and marker and (2) limiting Plaintiff to only occasional interaction with the public and the DOT. (See Doc. No. 16 at 7–8). With respect to Plaintiff's assertion that the ALJ failed to identify an apparent conflict between Plaintiff's limitation to "understand, remember, and carry out routine, repetitive instructions" and jobs requiring Reasoning Level 2 or higher, (Doc. Nos. 9 to 9-1: Administrative Record ("Tr.") at 18, 23–24), the Court agrees with the M&R that no apparent conflict existed. But, it finds that more discussion is warranted in light of Fourth Circuit case law published after the M&R was issued.

The DOT's Reasoning Development scale has six levels: Level 1 requires the

least reasoning ability, and Level 6 requires the most reasoning ability. See DOT, App. C, 1991 WL 688702. Reasoning Level 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id. On the other hand, Reasoning Level 2 requires the ability to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Id. (emphasis added). And Reasoning Level 3 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." Id.

Previously, in the absence of Fourth Circuit direction, this Court has held that "there is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3." Thomas v. Berryhill, No. 3:16-CV-00836, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)), vacated and remanded, 916 F.3d 307 (4th Cir. 2019), as amended (Feb. 22, 2019).[1] And therefore, this Court found that "no

---

[1] See also Corvin v. Berryhill, No. 5:17-CV-92, 2018 WL 3738226, at *4 (W.D.N.C. Aug. 7, 2018) ("Reasoning level 2 jobs 'do not imply an apparent conflict with a work limitation to simple, routine, repetitive work.'" (quoting Bethea v. Berryhill, 5:17-CV-

apparent conflict exists between Reasoning Level 2 jobs and a 'limitation to no more than short simple instructions.'" Vizzini v. Berryhill, No. 1:17-CV-00233, 2018 WL 4561623, at *3 (W.D.N.C. Sept. 24, 2018). Recently, however, the Fourth Circuit has spoken on the issue and held that an apparent conflict exists "between a limitation to 'short, simple instructions' and a need to carry out "detailed but uninvolved . . . instructions' jobs (as found in jobs requiring Level 2 Reasoning)." Thomas, 916 F.3d 307, 313–14. Accordingly, in light of new, binding precedent, this Court now holds that remand is warranted when an ALJ does not identify or resolve this apparent conflict between VE testimony and the DOT.

Here, the ALJ limited Plaintiff to "routine, repetitive instructions." When the ALJ asked the VE for representative occupations that Plaintiff could perform, the VE identified three jobs: (1) "housekeeper/cleaner,"[2] (2) "marker,"[3] and (3) "mail clerk."[4] (Tr. 23–24). According to the DOT, the housekeeper/cleaner job requires a Reasoning Level of 1, the marker job requires a Reasoning Level of 2, and the mail-clerk job requires a Reasoning level of 3. Plaintiff argues that an apparent conflict existed between limiting Plaintiff to "routine, repetitive instructions" and the VE's testimony that Plaintiff could perform the jobs of marker and mail clerk, which require Reasoning Level of 2 or higher. However, the Court finds the limitation at issue here—"routine, repetitive instructions"—is distinguishable from the limitation in

_____

145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018))); Rinehart v. Berryhill, No. 3:17CV425, 2018 WL 1884990, at *5 (W.D.N.C. Apr. 19, 2018).
[2] DOT 323.687-014, 1991 WL 672783.
[3] DOT 209.587-034, 1991 WL 671802.
[4] DOT 209.687-026, 1991 WL 671813.

Thomas—"short, simple instructions."  The Court determines that a claimant who is limited to routine, repetitive instructions is still capable of performing "detailed, but uninvolved instructions," so long as those detailed instructions are given routinely and repetitively.

Accordingly, no apparent conflict exists between Plaintiff's limitation to routine, repetitive instructions and jobs requiring a Reasoning Level of 2 or higher.  Moreover, even if the Court were to find that an apparent conflict existed under Thomas in this case, the ALJ's failure to identify and resolve the apparent conflict would constitute harmless error because the VE identified another job which Plaintiff could perform: housekeeper/cleaner.  The housekeeper/cleaner job only requires a Reasoning Level of 1.  And there is no apparent conflict between Reasoning Level 1 jobs—which require the ability to follow "simple one- or two-step instructions," DOT, App. C, 1991 WL 688702,—and a limitation to perform jobs requiring routine, repetitive instructions.  Therefore, no apparent conflict existed between Plaintiff's limitation to routine, repetitive instructions and the VE's testimony that Plaintiff could perform the job of housekeeper/cleaner.  The VE testified that there are approximately 260,000 housekeeper/cleaner positions available nationwide.  (Tr. 23).  Because Plaintiff can perform at least one job that exists in significant numbers in the national economy, the ALJ properly concluded that Plaintiff is not disabled under the Act.[5]

---

[5] See Guiton v. Colvin, 546 F. App'x 137, 142 (4th Cir. 2013) (recognizing that in Hicks v. Califano, 600 F.2d 1048 (4th Cir. 1979), the court found 110 jobs in the claimant's state to be a significant number of jobs); Hodges v. Apfel, 203 F.3d 820 (4th Cir. 2000)

## IV. CONCLUSION

After an independent and thorough review of the M&R, Plaintiff's Objections thereto, and a de novo review of the record, the Court concludes that the recommendation to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment is correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

> (1) The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**;
>
> (2) Defendant's Motion for Summary Judgment, (Doc. No. 14), is **GRANTED**;
>
> (3) Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**; and
>
> (4) The Clerk of Court is directed to close this case.

Signed: March 25, 2019

Robert J. Conrad, Jr.
United States District Judge

---

("Hodges asserts that he qualifies for no more than 153 jobs. That number suffices to defeat Hodges's claim for disability benefits."); see also, Bavaro v. Astrue, 413 F. App'x 382, 384 (2d Cir. 2011) (finding that the Commissioner need show only one job to meet her burden at Step Five).